UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-371-KSF

STEVE BANKS                                                                  PLAINTIFF

v.                                    **OPINION & ORDER**

BREATHITT COUNTY BOARD OF
EDUCATION, *et al.*                                         DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion [DE #11] of the Defendants to dismiss, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, certain claims of the Plaintiff, or in the alternative, for partial summary judgment on these claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is ripe for review.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The relevant facts, as alleged by the plaintiff, Steve Banks, are as follows. Banks became employed as the Breathitt County School System Transportation Director in 2004. In his capacity as Transportation Director, Banks supervises approximately 44 employees at the Breathitt County Board of Education Bus Garage, as well as conducting monthly examinations of the buses, ordering parts, reviewing and signing purchase orders, and reviewing and assigning bus routes and extra-curricular trips of Breathitt County students. When Banks first became employed in 2004, he had a 220-day contract. In 2010, his contract was changed to a 240-day contract.

Banks claims that during the 2010 election, George Daniel Strong re-filed for Board Member of the Breathitt County Board of Education and the Superintendent at that time, Arch Turner,

supported Strong's re-election. Banks further alleges that Superintendent Turner demanded money from him to support Strong in the race. When Banks refused to provide any money to Superintendent Turner for Strong's re-election, he received threats concerning his employment. As a result, Banks contends that his work environment became hostile and distressing.

Ultimately, an investigation was launched into Superintendent Turner's actions during the 2010 election, which culminated in the March 2, 2012 arrest of Superintendent Turner by the Federal Bureau of Investigation (the "FBI"). During the course of the investigation, Banks was interviewed by the FBI and provided information to the FBI relative to their investigation of Superintendent Turner. Banks contends that Superintendent Turner was aware of the FBI's investigation of him, and instructed Banks to lie to the FBI.

Immediately prior to the arrest of Superintendent Turner, Banks contends that Superintendent Turner was shown the information that Banks provided to the FBI. Banks alleges that Superintendent Turner then made various comments to his staff about Banks providing information to the FBI. After his arrest, Superintendent Turner was released and returned to his employment as Superintendent. Upon his return to work, Banks alleges that Superintendent Turner began a pattern of retaliation against anyone he thought cooperated with the FBI. Banks contends that Strong, who cooperated with the FBI during their investigation of Superintendent Turner, was voted out as Board Chairman. Moreover, he contends that the Breathitt County Board of Education, upon Superintendent Turner's recommendation, took the necessary steps to reduce the pay of three employees linked to the FBI investigation, including himself. Specifically, Banks' contract was cut by 20 days.

Superintendent Turner was later re-arrested and the State of Kentucky has taken over the Breathitt County School Systems. Interim Superintendent Stevens has been suspended, with pay, pending an investigation. Banks has filed a grievance with the Board of Education concerning its treatment of him, but has not received any response.

On December 10, 2012, Banks filed the instant action, asserting the following causes of action: (1) violation of his substantive due process rights under the Fourteenth Amendment; (2) wrongful abridgement of his rights under the First Amendment; (3) discrimination in violation of KRS § 161.164; (4) violation of KRS § 61.102; and (5) intentional infliction of emotional distress [DE #1]. The named Defendants are the Breathitt County Board of Education ("Board of Education" or "BOE"); Melanie Stevens, individually and in her official capacity as Interim Superintendent of the BOE; George Daniel Strong, individually and in his official capacity as member of the BOE; Shirley Hudson, individually and in her official capacity as member of the BOE; Ina Southwood, individually and in her official capacity as member of the BOE; Bobby Gross, individually and in his official capacity as member of the BOE; and Arch Turner, individually and in his official capacity as Former Superintendent of the BOE.

The Defendants have filed the instant motion to dismiss, or in the alternative, for summary judgment [DE #11]. The Defendants first argue that the claims against the individual Defendants in their official capacities should be dismissed as redundant and barred by the doctrine of official immunity. Second, the Defendants argue that the state law claims against the Board of Education should be dismissed as barred by the doctrine of governmental immunity. Finally, the Defendants contend that the Complaint failed to make any allegations against Defendants Stevens, Strong, and

3

Gross and argue that they should be dismissed for failure to state any claim against them. Banks has filed his response opposing the Defendants' motion to dismiss [DE # 14].

## II.   MOTION TO DISMISS STANDARD

While the Defendants essentially couch their motion as one for summary judgment, they have not submitted any evidence outside of the pleadings. Additionally, at this early stage in the litigation, discovery has not yet commenced. Accordingly, the Court will not consider this motion under Rule 56. Instead, the Defendants' motion is more appropriately decided under Rule 12 of the Federal Rules of Civil Procedure. The Defendants have not specified which subsection of Rule 12(b) they are relying upon, however, the Court presumes that the Defendants' motion is based on Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

In ruling upon a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). A district court may not grant a Rule 12(b)(6) motion because it does not believe the complaint's factual allegations. *Wright v. MetroHealth Medical Center,* 58 F.3d 1130, 1138 (6th Cir.1995). However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, No. 07-3435 (6th Cir. 3/25/08) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Although we must accept all of the complaint's factual allegations as true, we 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Gahafer v. Ford Motor Co*., 328 F.3d 859, 861 (6th Cir. 2003)(quoting *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987)).

### III. ANALYSIS

#### A. BANKS' § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

The Court turns first to Banks' § 1983 claims against Defendants Stevens, Strong, Hudson, Southwood, Gross, and Turner in their official capacities. As a division of local government, the Board of Education may be sued directly. *See Memphis Police Dept. v. Garner*, 471 U.S. 1 (1985). Additionally, employees of the Board of Education may be sued for constitutional violations in two capacities: (1) the employee may be sued in her official capacity; and (2) the employee may be sued in her personal, or individual, capacity. Suing a government employee in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)(quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166.

Here, Banks has sued Defendants Stevens, Strong, Hudson, Southworth, Gross and Turner in their official capacities for constitutional claims under § 1983. Banks has also sued the Board of Education itself. Thus, any judgment against the individual defendants in their official capacities will, in reality, be a judgment against the Board of Education and will only be collectible against the Board of Education. Thus, the § 1983 official capacity claims against Defendants Stevens, Strong, Hudson, Southworth, Gross and Turner are redundant and will be dismissed for failure to state a claim. Banks may still proceed with his § 1983 claim against the Board of Education and the Defendants in their individual capacities.

**B. BANKS' STATE LAW CLAIMS AGAINST THE BOARD OF EDUCATION**

Next, the Defendants argue that Banks' state law claims against the Board of Education must be dismissed based on governmental immunity. While Banks' complaint asserts federal constitutional claims against the Board of Education pursuant to § 1983, those claims are not the subject of the Defendants' motion to dismiss. In support of their motion to dismiss the state law claims against the Board of Education, the Defendants rely on the doctrine of governmental immunity as explained in *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001).

In *Yanero*, the Kentucky Supreme Court held that governmental immunity is a public policy, derived from the doctrine of sovereign immunity, which is premised on the notion "that courts should not be called upon to pass judgment on policy decisions made by members of coordinate branches of government in the context of tort actions, because such actions furnish an inadequate crucible for testing the merits of social, political or economic policy." *Id*. at 519. Thus, governmental immunity shields state agencies from liability for damages only for those acts which constitute governmental functions.

Under these rules, the Kentucky Supreme Court has held as follows:

> A board of education is an agency of state government and is cloaked with governmental immunity; thus, it can only be sued in a judicial court for damages caused by tortious performance of a proprietary function, but not its tortious performance of a governmental function, unless the General Assembly has waived its immunity by statute.

*Grayson County Board of Education v. Casey*, 157 S.W.3d 201, 202-03 (Ky. 2005). The Court now turns to each of the state law claims asserted against the Board of Education.

### 1. BANKS' CLAIMS BASED ON KRS 161.164

In Counts III and IV of Banks' Complaint, he asserts claims for political discrimination based on KRS 161.164, which prohibits teachers and school board employees from being discriminated against because of their political opinions. Specifically, this statute provides, in relevant part:

(3) No persons shall use or promise to use, directly or indirectly, any official authority or influence, whether possessed or anticipated, to secure or attempt to secure for any person an appointment or advantage in appointment to a position as teacher or employee of any district board of education, or increase in pay or other advantage in employment in any such position, for the purpose of influencing the vote or political action of any person.

(4) No teacher or employee of any district school board of education shall be appointed or promoted to, or demoted or dismissed from, any position or in any way favored or discriminated against with respect to employment because of his political or religious opinions or affiliations or ethnic origin or race or color or sex or age or disabling condition.

KRS 161.164(3) and (4).

As noted by *Calhoun v. Cassady*, 534 S.W.2d 806, 808 (Ky. 1976), this statute was enacted to prevent superintendents and boards of education from perpetuating transfers and demotions as a political "vendetta" or reprisal for a school board employee's political views or affiliations. Moreover, the Kentucky Court of Appeals, in *Harlan County Bd. of Ed. v. Stagnolia*, 555 S.W.2d 828, 830 (Ky.Ct.App. 1977), has stated "[p]olitical reprisals by superintendents and a majority of board members brought about the enactment of KRS 161.162 which prohibits such action."[1] As a result, KRS 161.164 is a limited waiver of the Commonwealth, and its political subdivisions', immunity. Accordingly, the Board of Education is not entitled to immunity from Banks' claims based on KRS 161.164.

---

[1] KRS 161.164 contains provisions analogous to former 161.162, repealed in 1990.

## 2. BANKS' CLAIMS BASED ON KRS 61.102

Count V of Banks' complaint asserts a claim based on KRS 61.102. This statute prohibits employers from subjecting public employees to reprisal for reporting information relating to the employer's violation of the law, alleged fraud, or abuse. Specifically, it provides as follows:

> No employer shall subject to reprisal . . . any employee who in good faith reports, discloses, [or] divulges . . . any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety.

KRS § 61.102. "Employer" is defined by the statute as "...The Commonwealth of Kentucky or any of its political subdivisions."' KRS § 61.102, however, does not define "political subdivision." Kentucky courts, however, have held that counties, and their boards of education, are "political subdivisions" of the Commonwealth of Kentucky. *Grayson County Board of Education*, 157 S.W.3d at 202-03. Thus, by its own terms, KRS 61.102 waives any governmental immunity that the Board of Education may otherwise be entitled to with respect to the claims contained in Count V of Banks' Complaint. Accordingly, the Defendants' motion to dismiss Banks' claims based on KRS 61.102 against the Board of Education will be denied.

## 3. BANKS' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Count VI of Banks' complaint asserts a state-law clam for intentional infliction of emotional distress. The Board of Education generally contends that it is entitled to governmental immunity on this claim. In deciding whether the Board of Education is entitled to immunity, the Court must determine whether the Board of Education was "carrying out a function integral to state

8

government," *Kentucky Center for the Arts Corp. v. Berns*, 801 S.W.2d 3267, 332 (Ky. 1990), or whether it is "engaged in a business of a sort theretofore engaged in by private persons or corporations for profit." *Yanero*, 65 S.W.3d at 520. However, the Defendants have not made clear how the Board of Education's actions relate to any governmental function. Thus, the Defendants have failed to carry their burden of showing that Banks' claim for intentional infliction of emotional distress fails to state a claim for relief. *Carter v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Accordingly, the Court will deny, without prejudice, the Defendants' motion to dismiss Count VI of Banks' complaint against the Board of Education.

### C. OFFICIAL CAPACITY STATE-LAW CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

The individual Defendants also argue that Banks' state law claims against them in their official capacities should be dismissed based on "official immunity." "Official immunity" is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. *Yanero v. Davis*, 65 S.W.3d 510, 524 (Ky. 2002). Official capacity claims are in essence claims against the Board of Education and any immunity the Board of Education enjoys is extended to the official acts of its officers and employees. *Autry v. Western Kentucky University*, 219 S.W. 3d 713, 717 (Ky. 2007). Thus, any immunity the Board of Education enjoys as to Banks' intentional infliction of emotional distress claim applies as well to the Defendants in their official capacities.

However, as explained above, the Court is unable at this time to determine whether the Board of Education performed a governmental or a proprietary function. Nevertheless, even if the intentional infliction of emotional distress claims against the Board of Education are allowed to

proceed, the official capacity claims against the Defendants are redundant and will be dismissed. Similarly the statutory claims that remain against the Board of Education are also redundant to the statutory claims against the Defendants in their official capacities. Accordingly, all Banks' state law claims against the Defendants in their official capacities will be dismissed.

### D.    ALL CLAIMS AGAINST STEVENS, STRONG AND GROSS

Finally, the Defendants contend that Banks' claims against Defendants Stevens, Strong, and Gross should be dismissed because the complaint fails to make any specific allegation as to these defendants. However, Banks' Complaint alleges that Defendant Stevens became Interim Superintendent during the course events alleged in the Complaint and allegedly failed to take any action to prevent the discriminatory conduct. Defendants Strong and Gross were members of the Board of Education at the time of the alleged discriminatory events. Accordingly, Banks' complaint sufficiently states a claim against these Defendants. Therefore, the Defendants' motion to dismiss the claims against these Defendants in their individual capacities will be denied.

### V.    CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   The Defendants' motion to dismiss [DE #11] is **GRANTED IN PART** to the extent that all official capacity federal and state law claims against Defendants Stevens, Strong, Hudson, Southwood, Gross and Turner are **DISMISSED**, and **DENIED IN PART** as follows:

    (A)   The Defendants' motion to dismiss Count VI of Banks' complaint against the Board of Education is **DENIED WITHOUT PREJUDICE**; and

    (B)   The remainder of the Defendants' motion to dismiss is **DENIED** in all other respects; and

(2) All remaining claims **REMAIN PENDING** against the Board of Education and the Defendants in their individual capacities.

This February 28, 2013.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge